The Pacific Mutual Life Ins. Co. *v.* Joseph R. McCrary.

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

Susong, Susong & Parvin, and A. K. Morison, for plaintiff in error.

Epps & Epps, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought to recover the benefits provided for permanent total disability under a contract of insurance. There was a judgment for plaintiff which was affirmed by the Court of Appeals and the insurance company has filed a petition for *certiorari*.

The contract of insurance was admitted but the insurer denied that the disability was either total or permanent.

The case was tried before the circuit judge without a jury. Under the provisions of chapter 94 of the Acts of 1929, the Court of Appeals reviewed the evidence and concurred in the finding of the trial judge. The case having been so tried, this concurrent finding will be treated as a concurrent finding of a chancellor and the Court of Appeals, and such finding will not be disturbed in this court if there is material evidence to support it.

In his application for insurance, the plaintiff below gave his occupations as those of physician and farmer. The evidence indicated that he had been quite active in the practice of medicine and that he also owned several tracts of land, over six hundred acres in all, upon which land he conducted farming operations and raised cattle.

In so far as the permanent disability of the insured is concerned, without detailing the proof, it is entirely sufficient to sustain the finding of the courts below. The evidence introduced on behalf of insured shows that he is afflicted with tuberculosis and myocarditis, with little or no chance for recovery.

It is, however, earnestly insisted by the insurance company in its petition for *certiorari* that the insured is not

totally disabled. It seems to be granted that he is totally disabled from pursuing his profession as a doctor but it is urged that he is not totally disabled from carrying on the work or occupation of a farmer and cattle dealer, and it is said that he continues to engage in these callings and that he also lends money and sells land.

The provision of the policy as to total permanent disability, which we are called on to construe, is in these words:

"Disability caused by accidental bodily injury or disease which totally and permanently prevents the insured from performing any work or engaging in any occupation or profession for wages, compensation or profit."

The phrase "total disability" has a well understood meaning in the law of insurance. It does not mean a state of absolute helplessness. The decisions, almost without conflict, define that condition as an inability to do the material acts necessary to the prosecution of insured's business or occupation (and substantially all the material acts) in (substantially) his usual or customary manner. Cases so holding are too numerous to be set out. They are cited and quoted in 14 R. C. L., 1315, 1 C. J., 462, and Notes, 51 A. L. R., 1048, 41 A. L. R., 1376, 37 A. L. R., 151, 24 A. L. R., 203.

One may still be described as totally disabled, although he is able at intervals to perform certain acts in connection with the former occupation or calling that he pursued. Such is the condition of the plaintiff.

Thus it is, under the authorities, the insured here may be characterized as totally disabled, unless those words are so limited by other language of the policy before us as to repel this conclusion. We do not think the words

of the policy, relied on by the insurance company, have such an effect, nor that total disability is so defined by the policy as to exclude the insured from its benefits. The clause of the policy quoted merely provides, in order for an insured to claim these benefits, that he must be totally and permanently prevented ''from performing any work . . . for wages, compensation or profit'' or ''engaging in any occupation or profession for wages, compensation or profit.'' In short, the insured, to claim the benefits, must be disabled, not only from pursuing the avocation of physician or farmer, but must be disabled from pursuing any avocation for wages, compensation or profit.

█ Evidence on behalf of insured tends to show that he was unable to ride or to get about over his farms; that he was confined to his house and that his tenants and employees there consulted him at times about farming operations; that he gave no personal supervision to such operations; that, under contract with insured, another man bought cattle to be grazed on insured's land; that insured never looked at the cattle bought but only wrote checks to pay for them, and that insured was not able to give personal attention to the care of the cattle. It further appears that insured had advised with his wife about lending some money which they had and that he had sold some of his land. Prior to his illness, it appears from the testimony in behalf of insured that he was active in looking after his farms and his cattle, giving both his personal care.

Under such circumstances, although he may have derived a profit from his cattle and his farms, the insured was none the less totally disabled, in the sense of the law, from performing the work or pursuing the occupation of a farmer or cattle dealer. He was not able to carry

on these undertakings in substantially his usual or customary manner nor to perform substantially the material acts necessary to the prosecution of such enterprises, nor does it appear that he was able so to follow any other calling. Insured cannot be said to have been performing the work or pursuing the occupation of a money lender or of a real estate dealer. Really all his gains are returns from invested capital rather than earned income.

We cannot agree to the contention of learned counsel for the insurance company that the definition of total permanent disability in this policy implies an absolute and entire lack of earning power on the part of the insured. Such a condition would be one of complete inertia, mental and physical, and we do not think such condition was contemplated in the contract of insurance as a prerequisite to recover for permanent total disability.

The conclusion herein reached is in accord with *Watkins* v. *United States Casualty Co.*, 141 Tenn., 583, holding there is an entire loss of sight when the eye becomes useless, although a slight light perception remains; and *Gordon* v. *United States Casualty Company* (Ch. App.), 54 S. W., 98, holding that the loss of an arm, which prevents attention of insured to his business, is wholly disabling.

The statutory penalty of twenty-five per cent was added to the recovery in favor of the insured by the courts below. We do not agree to this. The language used in the policy was somewhat different from the language of policies heretofore before the courts, and the insurance company was entitled to have a construction thereof without suffering the consequences of a defense made in bad faith.

Modified as indicated, the judgment of the Court of Appeals will be affirmed.