HARRISON v. PROVIDENT LIFE & ACCIDENT INS. Co.

(*Nashville*. December Term, 1933.)

Opinion filed March 31, 1934.

BATES, SHEA & FRAZER, of Memphis, for appellant.

EWING, KING & KING, of Memphis, for appellee.

Mr. Justice Swiggart delivered the opinion of the Court.

The complainant, Harrison, insured against total and partial disability resulting from accidental injury, was paid the agreed monthly indemnity for total disability by his insurer for a number of months. Payments were discontinued on a date after which the insurer considered the disability partial rather than total.

In this action to enforce resumption of the monthly payments, the complainant was found by a jury to be totally disabled after said date as before, and the chancellor decreed for him accordingly. That decree was affirmed by the Court of Appeals, on the insurer's appeal.

■ In support of its petition for *certiorari,* heretofore granted, the insurer here assigns as error only that the chancellor erred in his instructions to the jury defining the meaning and import of the phrase "total disability," as used in the contract of insurance.

The contract entitles the insured to indemnity, as for total disability, for "the period of total loss of time commencing on the date of the accident, during which such injury alone shall wholly and continuously disable and prevent the insured from performing any and every duty pertaining to his business or occupation."

Indemnity, at a smaller rate per month and for a limited time, is provided in the contract for disability preventing the insured "from performing work substantially essential to the duties of his occupation." This is referred to on the briefs as the provision for "partial disability."

In his instructions to the jury, the chancellor defined the contract provision for total disability as follows: "This does not mean a state of absolute helplessness but

means an inability to do substantially all of the material acts necessary to the prosecution of the insured's business or occupation as roadmaster in substantially his usual and customary manner; or an inability to engage in any other business or occupation for wages or profit.''

It is conceded by counsel for the insurer that this instruction is in strict accord with the definition of total disability made and approved by this court in *Pacific Mutual Life Ins. Co.* v. *McCrary,* 161 Tenn., 389, 32 S. W. (2d), 1052, but it is contended that there is no difference between total disability, when so defined, and the partial disability for which another measure of indemnity is stipulated in the contract, and that therefore the stipulation for partial indemnity imputes to the total indemnity provision a stricter and more limited definition than was given in the case cited.

The definition of total disability, for which the insurer here contends, was stated in a request for special instructions tendered to the chancellor and refused by him. The requested instruction denies total disability if the complainant ''can perform one or more of the duties of his occupation.''

We find ourselves unable to agree with the premise upon which the contention of the insurer is grounded. We think there is a substantial difference between the chancellor's definition of total disability and the contract provision for partial disability.

A disability might prevent the insured ''from performing work substantially essential to the duties of his occupation,'' the contract definition of partial disability, without amounting to an inability to do ''substantially all of the material acts'' essential or necessary to the prosecution of his occupation. There is, in our opinion,

a clear margin of difference between an inability to do "work substantially essential" and an inability to perform "substantially all" the material duties of an occupation. Inability to do any work substantially essential to complainant's occupation entitled him to the indemnity for partial disability, while the jury were told that he must show himself unable to do substantially all the duties of his occupation in order to be entitled to the indemnity for total disability.

Since the contract provision for partial disability has a meaning distinctly different from the definition judicially given to the provision for total disability, there seems to us to be no reasonable basis for the contention that the latter provision in the contract in suit should not be construed and applied as in contracts which contain no provision for partial disability. Both provisions are thus given effect in accord with the contract of the parties.

The point was expressly made and determined against the contention of the insurer in *Fitzgerald* v. *Globe Indemnity Co.* (California District Court of Appeals; hearing denied by the Supreme Court), 84 Cal. App., 689, 258 Pac., 458, 461, wherein the court said: "No logical reason appears, however, why the same rule should not be applied where the policy provides for both total and partial disability in order to make the total disability clause 'operative and to prevent a forfeiture' of the indemnity provided by that clause. In either case a literal interpretation of the total disability clause would defeat the very purpose of insurance against total disability, because it rarely happens that an insured is so completely disabled that he can transact no business duty whatever. The rule quoted has been applied in

many cases where the policy in suit provided for both total and partial disability. [Citing cases.]''

Petitioner's assignments of error are accordingly overruled, and the decree of the Court of Appeals affirmed.

CHAMBLISS, J., did not participate in the disposition of this case.