## No. 15,507.

### MARTZ *v*. THE PEOPLE.
(162 P. [2d] 408)

Decided September 17, 1945.   Rehearing denied October 22, 1945.

Mr. JOHN E. FITZPATRICK, Mr. HORATIO RAMSEY, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, Mr. CLARENCE L. BARTHOLIC, Assistant, for the people.

280

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

Plaintiff in error was convicted of the murder of Kathlene Ann Geist and sentenced to death. To review that judgment he prosecutes this writ. We shall summarize the twenty-three assignments of error as done by counsel in their brief.

■ ■ Error is assigned to the action of the trial court in refusing to quash the jury panel. No challenge was made to the array prior to verdict on any ground now urged except that the defendant was not, at the time of arraignment, furnished with a list of the jurors on a new panel summoned subseqeunt to his arraignment. He had been given the jury list on arraignment, but trial was not had until a subsequent term. In the absence of showing of demand for such list or of prejudice, or exhaustion of peremptory challenges, this objection is without merit. *Hendricks v. People,* 78 Colo. 264, 241 Pac. 734. Defendant now further objects to the irregular method of selecting the names of jurors, in that a written questionnaire was used as the basis of elimination and selection of names for the panel. There is no showing that there was any purpose or use of such questionnaire except to ascertain what jurors were exempt from jury service and properly excusable. No other purpose or prejudice to defendant being suggested, any irregularity was waived by his failure to make timely objection.

■ Further error is assigned to the taking and admission of certain depositions in that notice of the taking thereof was issued by the district attorney instead of by the clerk of the court, and accused consequently was not given the notice of hearing as provided by statute. The record shows that defendant's counsel received a copy of the notice signed by the district attorney ten days before the date set by the court for the

taking of the depositions, and appeared and participated in the taking of the depositions with cross-examination of the witnesses to the extent offered. Thereby any defect in the issuance or service of the notice was waived. *Ryan v. People,* 21 Colo. 119, 40 Pac. 775.

Error also is assigned to the refusal of the court to change the place of trial because of local prejudice. The affidavits in support of defendant's motion therefor set out no convincing facts and they are met by counter affidavits. The publication and circulation through the press of the story of the crime and of statements regarding the defendant, even though partial and denunciatory, are not sufficient to require change of place of trial in the absence of showing of resulting general public excitement or prejudice against the defendant. *Abshier v. People,* 87 Colo. 507, 289 Pac. 1081. The record shows no unusual difficulty in obtaining an impartial jury and no exhaustion of defendant's challenges, either peremptory or for cause. If prejudice existed, it should appear from the examination of the jurors. *Wilder v. People,* 86 Colo. 35, 278 Pac. 594. The question of the existence of such prejudice is one of fact; its determination rests in the sound discretion of the court and no abuse of such discretion is here disclosed. *Hopkins v. People,* 89 Colo. 296, 1 P. (2d) 937.

Further error is assigned to the admission on rebuttal of proof of sanity when defendant had offered no proof of insanity. It is well settled in this jurisdiction that while sanity is presumed in the absence of contrary showing, yet the burden of proving sanity beyond a reasonable doubt is on the people. *Graham v. People,* 95 Colo. 544, 38 P. (2d) 87. Defendant entered pleas of insanity and testified at length as to his excessive drinking of intoxicants and mental condition and urge to kill prior to the commission of the crime, and his counsel, in his opening statement, made after the people had rested, told the jury that defendant's "taking of liquor to any excess * * * causes a certain amount

of insanity or irresponsibility." In such state of the record rebuttal evidence of sanity was proper.

Dr. Rymer, acting director of the Colorado Psychopathic Hospital, one of the rebuttal witnesses as to sanity, was questioned by counsel for defendant on cross-examination as to tests of sanity and particularly as to x-ray, spinal, tickling and reflex tests, and in answer explained what would be included in a complete neurological examination, and proceeded to relate at length the tests, interviews and statements of defendant upon which the witness based his opinion as to sanity. In the course of that statement the witness said: "It was evident that Mr. Martz had been drinking considerable that evening. In relating the story as he did, his memory, there in the hospital, of the things that did happen, it was my opinion that he was certainly not intoxicated." This was objected to as not responsive and error is further assigned to the answer for the reason that the witness did not see defendant on the day of the crime nor until ten days later. Defendant having been committed to the psychopathic hospital following his plea of insanity, a consideration of his use of intoxicants and their effect upon his mental condition was part of the duty of observation and inquiry by the physician during the period of hospitalization. Dr. Rymer was being interrogated as to his tests and observations of defendant and his conclusions therefrom and this testimony was within the proper scope of the examination. The fact that he had not seen defendant until ten days after the crime was committed was properly brought out in behalf of defendant, but such fact goes to the weight of his testimony, not to its admissibility.

■■ Two written documents containing admissions and a partial confession by defendant were received in evidence after hearing out of the presence of the jury whereat the court found them voluntary. At that hearing the district attorney submitted testimony of several witnesses to the fact that defendant voluntarily an-

swered the questions as asked, made the statements as written down and read them over and then signed them, and that he was not intoxicated at the time. The court, however, refused to permit extended cross-examination of some of these witnesses as to defendant's mental condition at the time these statements were made, and error is assigned to such refusal. All such desired cross-examination was admissible and received when the same witnesses again testified before the jury. This testimony consisted not of any denial of the making or of the truth of the written statements, but merely of a dazed mental condition and failure of memory from a time prior to the commission of the crime to a time subsequent to the making of the statements. At best it would leave a doubt as to whether the tendered confession was voluntary and where such doubt exists the issue should be left to the jury. *Martinez v. People,* 55 Colo. 51, 132 Pac. 64; *Osborn v. People,* 83 Colo. 4, 262 Pac. 892. Under the circumstances, there was no prejudicial error in the refusal of the court to hear further cross-examination on preliminary hearing in the absence of the jury.

It is earnestly urged that there is not sufficient evidence to sustain the infliction of the death penalty, in that the conviction is based on circumstantial evidence alone. In *Damas v. People,* 62 Colo. 418, 163 Pac. 289, it was held that parol evidence of a confession, as distinguished from a written confession, which is itself received as evidence, is circumstantial in its nature. To what extent this court has overruled that doctrine in *Mitchell v. People,* 76 Colo. 346, 232 Pac. 685, and *Ives v. People,* 86 Colo. 141, 278 Pac. 792, we need not determine. There is in the present record not only the circumstantial evidence of numerous witnesses who testified that they saw defendant take his little victim towards his apartment and that of other witnesses that they found her bruised and mutilated body concealed behind the curtains under the kitchen sink of the apart-

ment and that of the physician that multiple bruises, abrasions and shock were contributing causes to her death, all supported by parol testimony of defendant's confession convincing beyond every doubt, but there is also direct evidence in corroboration of such circumstantial evidence, to wit: Defendant's written admission subsequently read and signed by him, that "Since I have had time to clear my head and think about my actions on the evening of Monday, December 6, 1943, I can now state positively that I remember taking Kathlene Geist into my room at 3718 South Broadway, Englewood, Colorado. * * * I remember striking her in the stomach and then choking and beating her, and tearing her clothes. I remember that I became frightened and ran about the house trying to find a place to put her. I remember putting her some place but I don't know where." The conviction was not on circumstantial evidence alone and it supports the penalty.

■ Lastly, the giving of certain instructions and the refusal of others tendered in behalf of defendant are assigned as error. As maturely studied in the seclusion of chambers, some of these instructions could well be improved; however, their faults are those of incomplete, rather than of erroneous, statement, and we believe the instructions considered together adequately apprised the jury of their duties and fully and correctly stated the rules of law governing and to be observed by them in their consideration of the case.

A careful study of the record is convincing that defendant was diligently and capably represented by counsel; that his rights were fully protected; that the evidence of his guilt of an unspeakably revolting crime is convincing beyond the shadow of a doubt and that there is no prejudicial error disclosed.

The judgment is affirmed, and it is ordered that it be executed during the week commencing November 19, 1945.

*On Petition for Rehearing.*

Mr. Justice Stone.

On petition for rehearing, counsel for plaintiff in error with commendable diligence challenge one of the instructions which is similar to that given and quoted in *Bruner v. People,* 113 Colo. 194, at page 216 (156 P. [2d] 111, 121). This instruction concerns the matters to be considered in determining the weight to be given to defendant's confession. Of the instruction in the Bruner case, we there said: "The court erred in giving the quoted instruction and in refusing to properly instruct the jury upon its duty if, from the evidence, it reached the conclusion that the confession was not freely and voluntarily made." We fear counsel misinterpret that statement. The vice of the instruction there considered was not that it was an incorrect statement of the law, but that it was incomplete. It was proper as a statement of the matters to be considered by the jury in determining the weight to be given the alleged confession, but standing by itself it was incomplete in its assumption that some weight must be given to the confession, and the jury should have been further instructed, under the conflicting evidence in that case, that it must determine whether the confession was freely and voluntarily made and, if not, that it should be disregarded altogether. As was pointed out in that opinion, the defendant there tendered an instruction so advising the jury and thereby the matter was specifically called to the attention of the court, but no such additional instruction was given. Although the case was necessarily reversed on other grounds, we pointed out that this failure to instruct as to the admissibility as well as to the weight of the confession was erroneous.

In the instant case it was contended by the defendant that his alleged confessions were induced by threats and were made at a time when he was not in possession of his mental faculties. The instruction as to the weight to

be given the confessions was followed by an instruction that if the jury believed from the evidence that the confessions were made under threats or duress or that the defendant was not in possession of his mental faculties so that he knew what he was saying or signing, then the defendant could not be given the death penalty. Under this instruction, by fixing the penalty at death, the jury necessarily must have found that the confessions were voluntary and no prejudicial error appears.

The petition for rehearing is denied.