STATE OF TENNESSEE, Petitioner,

*v.*

JAMES RONALD HOLT, Respondent.

440 S.W.2d 591.

(*Knoxville,* September Term, 1968.)

Opinion filed April 28, 1969.

GEORGE F. McCANLESS, Attorney General, and THOMAS E. Fox, Deputy Attorney General, Nashville, for petitioner, and HEISKEL WINSTEAD, District Attorney General, Morristown, prosecuted the case in the trial court.

JOSEPH L. REED and CHARLES TERRY, Morristown, for respondent.

MR. JUSTICE DYER delivered the opinion of the Court.

The respondent was convicted of rape and sentenced to serve ninety-nine years in the State Penitentiary. Upon appeal the Criminal Court of Appeals reversed this judgment and remanded the cause for a new trial. We granted certiorari.

This case presents the issue of the admissibility of testimony by an expert medical witness, a psychiatrist, when asked to express an opinion in regard to the sanity of a defendant in a criminal case based on subjective symptoms. The point raised here appears to be of first impression in this State.

The facts necessary to note are as follows:

This crime was committed on November 1, 1966, and respondent was arrested and charged on November 6, 1966. The trial, after indictment, began on May 23, 1967, with the defense being not guilty by reason of insanity at the time of the commission of the crime. On April 21st, May 9, and 17th, 1967, respondent was examined by Dr. Zelma A. Herndon, who prior to these dates had no contact with respondent. It is admitted Dr. Herndon is an expert in the field of psychiatry with a number of years of experience. The trial judge refused to allow Dr. Herndon as a witness to give her opinion as to the mental condition of respondent at the time of the crime on the ground her opinion was based on subjective findings. The Court of Criminal Appeals reversed the trial court in the following language:

> We are of the opinion that the trial court erred when it excluded the testimony of Dr. Herndon as to the Defendant's ability to know right from wrong on the day of incident in question, based upon her subjective findings. Therefore, the third assignment of error is sustained as to the testimony of Dr. Herndon and overruled as to the testimony of Dr. Kinser.

> The case is reversed and remanded for a new trial.

In 31 Am.Jur.2d, Expert and Opinion Evidence, Section 86, the following statements are made:

> Probably in no class of cases is the use of expert testimony so general and almost indispensible as in that where the issue is sanity or insanity. Unless a person is a raving maniac or complete imbecile, it is evident that a jury can hardly be deemed competent to reach a satisfactory decision on the question of his mental condition without being instructed by expert witnesses

as to the manifestations of mental derangement or disease and the significance of symptoms which are in evidence. It is accordingly well settled that opinions of physicians, and at least of those who are conversant with insanity and who have made a special study of mental afflictions are admissible in evidence on the issue of sanity or insanity.

The State insists that as to expert medical opinions based on subjective symptoms in criminal cases we should follow the rule used in civil cases. The rule in civil cases was first enunciated in *Gulf Refining Co. v. Frazier,* 15 Tenn.App. 662, 83 S.W.2d 285 (1935). The rule has since been followed in *LeMan v. Metropolitan Life Insurance Co.,* 24 Tenn.App. 294, 143 S.W.2d 891 (1940); *Higgins v. Steide,* 47 Tenn.App. 42, 335 S.W.2d 533 (1959); *Johnson Freight Lines, Inc. v. Tallent,* 53 Tenn.App. 464, 384 S.W.2d 46 (1964). It should be noted all of these cases were decided prior to the enactment of Section 1, Chapter 262, Public Acts of 1967. This section specifically allows a medical expert to testify as to subjective findings in civil cases.

Essentially subjective symptoms are those which the doctor learns from a patient as opposed to objective symptoms which are those a doctor finds from his own examination. The above cited cases hold a doctor as an expert witness cannot give his opinion based solely on subjective symptoms. This rule is applied more strictly to a doctor who examines a patient for the purpose of testifying than to one who examines for the purpose of treating the patient. The logic supporting the rule is testimony based on subjective symptoms is open to suspicion in that such testimony may have been influenced by the patient manufacturing or feigning symptoms.

We have not been cited nor have we been able to find a case from any other jurisdiction directly on the point here at issue. In *Martz v. People,* 114 Colo. 278, 162 P.2d 408 (1945), there is some language in the opinion that does throw some light on the matter. In this opinion it is shown the psychiatrist testifying as to the sanity of the defendant based his opinion upon tests, interviews and statements of defendant from which it would appear his opinion was based at least in part on subjective symptoms.

Dr. Herndon testified for the record out of the presence of the jury. She stated:

In psychiatry we have to investigate the behavior and thought of a patient. There is not much you can observe in many patients from a psychiatric viewpoint that will give you a diagnosis. You have to depend a great deal upon what they state and how they have told you they react to other people and what occurred in the past and present.

Dr. Herndon stated such is the psychiatric foundation for diagnosis and treatment.

It appears from the above statement of Dr. Herndon that unless a psychiatrist be allowed to testify basing his opinion on subjective symptoms then in most cases the jury will be denied expert opinion on a very complicated problem. Unless a person be so devoid of mental facilities as to be obvious to anyone the determination of mental status by its very nature requires the use of subjective findings.

Now for several years in a great number of criminal cases the courts of the State have committed criminal defendants to State hospitals for the purpose of evalua-

tion of their mental condition by experts in the field of psychiatry, and later have the opinion of these experts admitted as evidence at the trial of the criminal defendants. It would hardly seem possible that their evaluations were not in part based upon subjective symptoms.

■ In reading this record apparently the trial judge was concerned with the fact Dr. Herndon made her examination of respondent in April and May of 1967, and was offering her opinion of his sanity on November 1, 1966, the date of the alleged rape. This is a fact of which the jury can be properly informed but it goes to the weight to be given her testimony and not to its admissibility. *Martz v. People,* supra; 31 Am.Jur.2d Expert and Opinion Evidence, Section 65; Underhill Criminal Evidence 5th Ed. Section 455; *Dowling v. State,* 167 Tex.Cr. R. 43, 317 S.W.2d 533 (1968).

The judgment of the Court of Criminal Appeals is affirmed and the cause remanded for a new trial.

BURNETT, CHIEF JUSTICE, and CRESON and HUMPHREYS, JUSTICES, concur.

CHATTIN, JUSTICE, dissents.