No. 24892

The People of the State of Colorado v. Gilbert Joseph Trujillo, Jess Tommy Mascaro, William Sacarias Duran, a/k/a Art Duran, and Pete Joseph Velasquez, a/k/a Ace Velasquez
(509 P.2d 794)

Decided May 7, 1973.

352

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Thomas M. Van Cleave III, Deputy, for defendants-appellants.

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The appellants attack the jury's verdict by asserting that the court committed reversible error in failing to grant a change of venue, in denying a motion for separate trial, and in not properly instructing the jury on the elements of the offenses which were charged. Trujillo, in addition, claims that the court erred in imposing consecutive sentences for the

crime of assault on a peace officer and assault with intent to murder. We find no reversible error and, therefore, affirm.

The defendants were charged with the crime of assaulting a peace officer engaged in the performance of his duties (1967 Perm. Supp., C.R.S. 1963, 40-7-54), assault with intent to murder (C.R.S. 1963, 40-2-34), and conspiracy to commit the assaults which were charged in the first two counts (C.R.S. 1963, 40-7-35).

I.

■ The court appointed counsel for the defendants. Thereafter, motions were filed seeking a change of venue and separate trials for each of the defendants. The motion for a change of venue was predicated upon allegedly pervasive and prejudicial publicity which followed the commission of the crime with which the defendants were charged. In support of the motion for change of venue, the defendants filed affidavits in accordance with the provisions of Crim. P. 21. The court heard arguments on the motions and denied both the motion for change of venue and the request for a severance or separate trial.

Trial occurred approximately four months after the crime was committed. The nature of the offense caused the news media to publish a few news releases and to make reports in news broadcasts at the time the crime occurred. However, the publicity was not of the type which was condemned in *Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), and in *Walker v. People,* 169 Colo. 467, 458 P.2d 238 (1969). It was not pervasive, and the voir dire examination reflects that the jury which tried the defendants was not contaminated or prejudiced by the articles or reports which preceded the trial of this case. *Irvin v. Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); *Corbett v. Patterson,* 272 F.Supp. 602 (D. Colo. 1967); *Corbett v. People,* 153 Colo. 457, 387 P.2d 409 (1963); *Martz v. People,* 114 Colo. 278, 162 P.2d 408 (1945). It is also to be noted that the jury did not convict all defendants of all offenses which were charged.

Accordingly, we find no error in the failure to grant a

change of venue.

## II.

■ In considering whether the court erred in not granting a severance to the defendants so that each could be tried separately, it is necessary to set forth a brief summary of the facts. The defendants and a young girl were stopped by a highway patrolman. The officer had been following the defendants and stopped the defendants' car after several traffic offenses allegedly occurred. He suspected that the girl was the runaway that the police were seeking at the request of her parents and identified her by a scar. He sought to have her go to his patrol car. The defendants had agreed that they would jump the police officer, and at a prearranged signal, they knocked him down and then struck him with their fists and with rocks. They also kicked the officer while he was lying on the ground. Trujillo and Mascaro contend that evidence relating to the flight of Duran and Velasquez from the scene of the crime was inadmissible and prejudicial and should not have been admitted against them. With the same logic, Duran and Velasquez contend that evidence that the defendants Mascaro and Trujillo assaulted and beat the police officer when they were not present and after they had fled from the scene was inadmissible against them. The defendants overlooked the fact that a conspiracy was charged. *Reed v. People,* 156 Colo. 450, 402 P.2d 68 (1965). "It is well established that the acts and utterances of one conspirator become the acts and utterances of all conspirators if such are done during the existence and the furtherance of the conspiracy." *Reed v. People, supra; Smaldone v. People,* 103 Colo. 498, 88 P.2d 103 (1938); *Kolkman v. People,* 89 Colo. 8, 300 P. 575 (1931).

■ It is also noteworthy that all of the acts occurred within the short period of time. It is also not disputed that all of the defendants struck the police officer. All of the defendants testified and were cross-examined by counsel for their codefendants. In our view, the defendants' rights were fully protected. The jury was fully instructed on the manner in which they should consider the evidence of flight and

specifically directed that the evidence be limited to Duran and Velasquez. *See Nelson v. O'Neil,* 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971); *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

The joinder of offenses and the joint trial of the defendants was permitted under Crim. P. 8 and 13. Under Crim. P. 14, a defendant is entitled to relief from prejudicial joinder if he can show that he is prejudiced by a joinder of offenses or of defendants in any information or indictment. All of the offenses arose out of the same transaction, and each of the offenses charged was closely related to each defendant and occurred at approximately the same time. *See Ruark v. People,* 158 Colo. 287, 406 P.2d 91 (1965); *Roth v. United States,* 339 F.2d 863 (10th Cir. 1964). Moreover, all of the offenses were of the same or similar character and were tied to a single scheme and plan. *See American Bar Association Standards for Criminal Justice Relating to Joinder and Severance,* § § 1.1 and 1.2.

A motion for a severance is directed to the sound discretion of the trial court. What constitutes an abuse of discretion depends upon the facts of each particular case. *Baker v. United States,* 329 F.2d 786 (10th Cir. 1964); *Dennis v. United States,* 302 F.2d 5 (10th Cir. 1962); *Schaffer v. United States,* 221 F.2d 17 (5th Cir. 1955), 54 A.L.R.2d 820.

Since the record does not reflect an abuse of discretion by the trial court in the denial of the defendants' motion for a severance or a separate trial, the ruling of the trial court is affirmed.

III.

The defendant Trujillo led the attack and was the defendant who gave the signal to attack the police officer. The attack was unprovoked, unjustified, and provided the factual foundation for conviction of both assault with intent to murder and the assault on a peace officer. The combined sentences imposed, both as to maximum and minimum terms, were less than could have been ordered for the

commission of either offense. Under these circumstances, prejudicial error did not occur.

We have examined the remaining errors which have been asserted on appeal and find them to be without merit.

Therefore, we affirm.

MR. JUSTICE DAY does not participate.