## STATE *v.* J. T. WHEELER.

'(*Nashville.* December Term, 1912.)

1. **BOUNDARIES.** Words "corner tree, stone, stake, or other land or line mark" refer only to objects designating corners and indicating terminal points of lines; doctrine of ejusdem generis.

The words "stone, stake, or other land or line mark," as used in the statute (section 6503 of Shannon's Code) providing that "whoever shall . . . . destroy the corner tree, 'stone, stake, or other land or line mark of another's land shall be imprisoned in the penitentiary," etc., refer, under the doctrine of *ejusdem generis,* only to objects designating corners and indicating the terminal points of lines; for the words "or other land .or line marks" are not so distinctive, or so broad and general that they cannot be restricted to objects designating the corners of land, and the words "trees," "stones," "stakes" do not exhaust the list of objects that can serve to mark a corner of land.

Code cited and construed: Secs. 6503, 6496, subsec. 12 (S.); secs. 5406, 5403, subsec. 12 (M. & V.); secs. 4654, 4652, subsec. 12 (T. & S. and 1858).

Acts cited and construed: Acts 1867-68, ch. 57.

2. **DOCTRINE OF EJUSDEM GENERIS.** As a rule of interpretation in construction of statutes is stated.

The doctrine of *ejusdem generis* is a rule of interpretation, as where in a statute general words follow special words, which limit the scope of such statute, these general words must be construed as applying to things of the same kind or class as those indicated by the preceding special words; but the rule is one of construction, and not of positive law; and it follows that when the preceding special words exhaust the class, or the general words are so distinctive that they cannot, without doing violence to their meaning, or to the context, be confined within the scope of such special words, the rule does not apply. The rule is the same where the special words follow the general words. (*Post, pp. 61, 62.*)

State v. Wheeler.

Cases cited and approved:   State v. Pollard, 124 Tenn., 127;
State v. Fontenot, 112 La., 628; Covington v. McNickles, 57
Ky. (18 B. Mon.), 262.

FROM FENTRESS.

Appeal from the Circuit Court of Fentress County.—
C. E. SNODGRASS, Judge.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

SMITH & SMITH and JOHN F. McNUTT, for Wheeler.

MR. JUSTICE NEIL delivered the opinion of the Court.

The State has appealed from a judgment sustaining
a motion to quash an indictment charging that:

J. T. Wheeler, on the 1st day of March, 1911, did in
Fentress county, Tennessee, "unlawfully, willfully,
knowingly, corruptly, and feloniously cut out and de-
stroy the line marks on the trees establishing and des-
ignating the line of the lands of the heirs of Ruth Doss,
in said county and State, contrary to the statute, and
against the peace and dignity of the State."

The indictment is based on Shannon's Code, sec.
6503, which reads:

"Whoever shall unlawfully, knowingly, willfully, and
corruptly destroy the corner tree, *stone, stake or other
land or line mark* of another's land shall be imprisoned
in the penitentiary not less than two nor more than
five years."

By subsection 12 of section 6496 of Shannon's Code it `was declared a misdemeanor "to maliciously take down, remove or injure, any monument erected, or any tree marked as the boundary of the State, or any county or civil division thereof, or of any tract of land, city or town lot, or to destroy, deface, or alter the marks of any such monument or tree, except a corner tree made for the purpose of designating such boundary." The State disclaimed in the trial court, and in this court, any purpose to proceed under this subsection. Its contention is that the indictment is good under section 6503, or not good at all. The defendant takes the same position.

The motion to quash made the point that no offense was charged under section 6503.

The State contends that the section covers an injury to a landmark on a line between corners; the defendant, that it applies only to injuries to a landmark indicating a corner.

For convenience of reference we have italicized certain words in section 6503. These words did not appear in the corresponding section (4654) of the Code of 1858, but were added by an amendment to that section made by chapter 57 of the Acts of 1867-68.

Subsection 12 of section 6496 is the same as subsection 12 of section 4652 of the Code of 1858, that subsection having never been amended.

As the respective corresponding provisions stood in the Code of 1858 it was the purpose of the legislature to mark a distinction between injuries to a corner, and

injuries to a line between corners, making the former felonies, the latter misdemeanors. The general assembly was careful to place this point beyond doubt, by an express exclusion of corner trees in the last clause of the subsection.

The act of 1867-68 in its caption and body purported to amend only section 4654 of the Code of 1858, leaving untouched, apparently, the provisions of the subsection above referred to. In view of this fact, the subsection must remain unaffected, unless there is a necessary repugnancy between its provisions and the words added to section 4654.

There is no such repugnancy. The italicized words were added to the section to more securely protect the corner, making it a felony to destroy any object designating a corner of land, whether that object should be a tree, stone, stake, or anything else placed or made to serve the purpose.

The doctrine of *ejusdem generis* applies. The rule of interpretation indicated by these words is in substance that, where in a statute general words follow special words which limit the scope of such statute, these general words must be construed as applying to things of the same kind or class as those indicated by the preceding special words. But the rule is one of construction, and not of positive law. It follows that when the preceding special words exhaust the class, or the general words are so distinctive that they cannot, without doing violence to their meaning, or to the context, be confined within the scope of such special words,

the rule does not apply. *State v. Pollard*, 124 Tenn., 127, 136 S. W., 427; 36 Cyc., 1119-1122; 2 Lewis' Suth. Stat. Const. (2d Ed.), sec. 437. The rule is the same where the special words follow the general words. *State v. Fontenot*, 112 La., 628, 36 South., 630; *City of Covington* v. *McNickles' Heirs*, 57 Ky. (18 B. Mon.), 262.

The words "or other land or line marks" are not so distinctive, or so broad and general, as that they cannot be restricted to objects designating the corners of land. Such objects are landmarks. They are also line marks, indicating the terminal points of lines. The words quoted are, it is true, susceptible of a broader meaning, since marked trees and stones, and stakes, and other objects as well, may indicate the course of a line, and so be both landmarks and line marks. But the requirements of the rule are not that the general words under construction, in a given case, cannot support a larger meaning than the preceding special words, but rather that they fall, in some substantial aspect of their meaning, within the classification indicated by the preceding special words, and so justify the conclusion that it was the purpose of the lawmaking body to use these words in that narrower sense.

It cannot be contended that "trees," "stones," and "stakes" exhaust the list of objects that can serve to mark a corner of land.

Nor can it be contended that this meaning does violence to the context. On the contrary, it falls in with and supports it.

This construction also preserves the harmony of all of our legislation on the subject.