## PIEDMONT POWER & LIGHT COMPANY *v.* TOWN OF GRAHAM ET AL.

## PASCHALL ET AL. *v.* TOWN OF GRAHAM ET AL.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF NORTH CAROLINA.

Nos. 684, 685. Motion to dismiss or affirm or place on the summary docket submitted April 19, 1920.—Decided May 17, 1920.

The proposition that a municipality, having granted to a company the right to use the streets for distributing electricity, would impair the rights of the grantee and deprive it of property without due process if it granted a like right to a rival company, is frivolous if the first grant is plainly non-exclusive; and an appeal from the District Court based on such claim must be dismissed for want of jurisdiction. P. 194.

Appeals dismissed.

THE cases are stated in the opinion.

*Mr. Clyde R. Hoey, Mr. Charles W. Tillett, Mr. William P. Bynum, Mr. James S. Cook, Mr. Jacob A. Long* and *Mr. Sidney S. Alderman,* for appellees, on the briefs in support of the motion.

*Mr. James H. Bridgers,* for appellants, on the briefs in opposition to the motion.

Memorandum opinion by direction of the court, by
Mr. Justice Clarke.

These are appeals direct from decrees of the District
Court sustaining motions to dismiss complaints for the
reason that they did not state facts sufficient to constitute
a valid cause of action in equity. The cases involve the
same facts differently stated by different complainants.
The asserted warrant for the appeals is that action taken
by the officials of the Town of Graham, North Carolina,
if allowed to become effective, would result in violation
of appellants' contract with that town and in depriving
them of their property without due process of law, in
violation of the Constitution of the United States.

Since the bill in No. 684 contains all of the elements of
strength which the bill in No. 685 contains and lacks
some of its elements of weakness, the disposition of the
former will rule the latter.

In No. 684 the appellant, a corporation, averring that
it is the owner of a franchise to use the streets of the Town
of Graham for the distribution of electric current, prays
that the officials of the town be restrained from certifying
as lawfully passed an ordinance granting a like franchise
to the defendant, the Mutual Power & Light Company,
and that the company be enjoined from using the streets
for such purpose.

The grant to the appellant is set out in full in the bill
and plainly it is not one of exclusive rights in the streets.
The attempt to derive an exclusive grant from the dec-
laration, in the paragraph of the ordinance relating to the
trimming of trees, that "said Town of Graham hereby
warrants that it will, by its proper authorities, provide
for the full and free use of its streets, lanes," etc., is fatu-
ous and futile. Grants of rights and privileges by a State
or municipality are strictly construed and whatever is
not unequivocally granted is withheld,—nothing passes

by implication.  *Knoxville Water Co.* v. *Knoxville*, 200
U. S. 22, 34; *Blair* v. *Chicago*, 201 U. S. 400, 471; *Mitchell*
v. *Dakota Central Telephone Co.*, 246 U. S. 396, 412.  The
grant to appellant not being an exclusive one, the con-
tention that competition in business, likely to result
from a similar grant to another company, would be a
violation of appellant's contract, or a taking of its prop-
erty in violation of the Constitution of the United States
is so plainly frivolous that the motion to dismiss for want
of jurisdiction, filed in each case, must be sustained.
*David Kaufman Sons Co.* v. *Smith*, 216 U. S. 610; *Toop*
v. *Ulysses Land Co.*, 237 U. S. 580; *Sugarman* v. *United
States*, 249 U. S. 182.

*Dismissed.*