JOHNSON FREIGHT LINES, INC., *et al. v.* DAVIS, *et al.*

(*Nashville*, December Term, 1938.)

Opinion filed January 21, 1939.

52

RICHARD D. GLEAVES, of Nashville, and WILKERSON & WILKERSON, of Chattanooga, for complainants.

HAYNES & GREEN and LYNCH & LYNCH, all of Winchester, for Joe Davis and C. F. Kemp.

JAMES D. RICHARDSON, of Murfreesboro, for Cumberland Freight Lines, Inc., *et al.*

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The bill in this case was filed by Johnson Freight Lines, Inc., and Hoover Truck Company, Inc., operating truck lines for the transportation of freight, against Joe Davis and others engaged in a like business. The object of the bill was to procure a decree striking down chapter 167 of the Public Acts of 1937. The defendants demurred to the bill and their demurrer was sustained.

Since the chancellor passed over all questions of misjoinder and multifariousness, we may do likewise and go to the merits of the case.

The assailed statute and the attack thereupon can be better understood by reference to the situation that brought about its passage. Taking up first the facts in the case against defendant Davis. He had for some time prior to the enactment of the Act of 1937 a certificate of convenience and necessity from the Railroad and Public Utilities Commission, under sections 5478, 5479 of the Code, authorizing him to haul freight by truck from Nashville to Winchester and another such certificate authorizing him to haul freight by truck from Winchester to Chattanooga. He was not authorized to haul through freight from Nashville to Chattanooga, and his applications for permission to haul such through freight were denied by the Commission.

Complainant Johnson Freight Lines, Inc., has certificate of convenience and necessity from the Commission authorizing it to haul through freight by truck from Nash-

ville to Chattanooga over a route somewhat deviating from the route from Nashville to Chattanooga via Winchester.

Other defendants here had or have acquired certificates of convenience and necessity under which they were authorized to transport freight by truck from Nashville to an intermediate point and from that intermediate point to Knoxville. Others had certificates authorizing them to transport freight from Nashville to an intermediate point and from that intermediate point to Memphis. These last mentioned defendants had no certificates to transport through freight from Nashville to Knoxville or from Nashville to Memphis. Complainant Hoover Truck Company, Inc., had a certificate authorizing it to transport through freight between Nashville and Knoxville and Nashville and Memphis. Some of these defendants had been denied authority to do through business by the Commission.

Such were conditions when chapter 167 of the Public Acts of 1937 was passed by the Legislature. That statute is as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That in all cases where the Railroad and Public Utilities Commission has issued two or more certificates of Convenience and Necessity to the same operator authorizing such operator to conduct motor truck transportation of freight for hire over continuous routes and between points of destination in said certificate, both or all of said certificates issued to the same person and having a common point of destination and authorizing the transportation of freight for hire over said routes as provided by said certificates, and authorizing the transportation by motor truck of freight

over lines between the two extreme termini mentioned in said certificates, shall be treated as one certificate authorizing said operator to transfer freight for hire between said extreme point of termini and shall be in all respects treated as one certificate.

"Sec. 2. Be it further enacted, That this Act take effect from and after its passage, the public welfare requiring it."

It is insisted that this Act violates Section 20 of Article 1, Section 8 of Article 1, Section 8 of Article 11, and Sections 1 and 2 of Article 2 of the Constitution of Tennessee. Also that it violates Section 10 of Article 1 of the Federal Constitution, and the Fourteenth Amendment to the Federal Constitution. We are unable to perceive these infirmities.

The certificates of convenience and necessity granted to the complainants expressed no exclusive authority and conferred no exclusive franchise for the operation of truck lines over the highways of the State. Such certificates did not protect the complainants from lawful competition. The Act of 1937 did not impair the obligation of any contract of theirs or deprive them of any vested right. We have lately been over this subject in *Kentucky-Tennessee Light & Power Co.* v. *City of Paris*, 173 Tenn., 123, 114 S. W. (2d), 815, 118 A. L. R., 1025, referring to previous decisions of this court and of the Supreme Court of the United States, and further discussion is not now necessary. *Piedmont Power & Light Co.* v. *Town of Graham*, 253 U. S., 193, 40 S. Ct., 453, 64 L. Ed., 855.

The Act makes no discrimination between motor carriers. It only confers upon the defendants rights previously enjoyed and still enjoyed by the complainants.

Therefore, we see no violation of Section 8 of Article 1, and Section 8 of Article 11 of the Constitution of Tennessee, and of the Fourteenth Amendment to the Constitution of the United States.

■■ The Legislature has full authority over the highways of the State and may lay out their routes and regulate their use. *State ex rel.* v. *Cummings,* 130 Tenn., 566, 172 S. W., 290, L. R. A., 1915D, 274; *State Highway Department* v. *Mitchell's Heirs,* 142 Tenn., 58, 216 S. W., 336; *Liles* v. *Creveling,* 151 Tenn., 61, 268 S. W., 625. The Legislature may also prescribe the conditions on which highways may be used for gain—by carriers for hire. *Hoover Motor Express Co.* v. *Fort,* 167 Tenn., 628, 72 S. W. (2d), 1052.

■ The Legislature may act in the matters just mentioned directly or may delegate such power to subordinate agencies, as the Highway Commissioner, or to the Railroad and Public Utilities Commission. Authorities *supra.*

It will be observed that by the first section of the Act of 1937 its benefits are to arise ''in all cases where the Railroad and Public Utilities Commission has issued two or more certificates,'' etc. Counsel urge that properly and grammatically construed the Act is only applicable to truck owners who had obtained two certificates prior to the passage of the Act; that accordingly the Act made an unlawful discrimination between truck owners who obtained certificates prior to its enactment and truck owners who might obtain certificates after its enactment.

■ The court will not adopt a particular construction of an Act that will render it invalid when under another construction the Act is constitutional. This is

elementary. We think the Act is applicable to any case where the Commission has issued two or more certificates at any time, either before or after the enactment of the statute.

This statute may cast an undue burden on the highways but that is a matter for the Legislature. Affirmed.