KNOXTENN THEATRES, INC., *v.* McCANLESS, COMMISSIONER
OF FINANCE AND TAXATION.

(*Nashville*, December Term, 1940.)

Opinion filed May 17, 1941.

FOWLER & FOWLER, of Knoxville, and LEVINE & LEVINE, of Nashville, for complainant.

ROY H. BEELER, Attorney-General, and W. F. BARRY and HARRY PHILLIPS, Assistant Attorneys-General, for defendant.

MR. SPECIAL JUSTICE FRANK T. FANCHER delivered the opinion of the Court.

The bill was filed to recover $87.50 paid the Commissioner of Finance and Taxation under protest in payment of a privilege tax imposed on users of liquid carbonic acid gas, by Sections 1167 *et seq.* of the Code of Tennessee.

The tax was sustained by the chancellor and the case is here on appeal, the facts being stipulated.

Complainant, the appellant, is a corporation operating the Tennessee Theatre in Knoxville.

The tax is required of "distributors" or "dealers."

The term dealer includes every person, other than a distributor, who uses liquid carbonic acid gas or substitutes therefor for the purposes mentioned in the statute, and complainant comes within the definition of dealer, and uses the substance for air cooling purposes in the theatre. The dealer is required to pay a special privilege tax, in addition to all other taxes, for the exercise of the privilege in this State equal to five cents per pound of all liquid carbonic acid gas or substitutes therefor ''used in the preparation and/or mixing and/or sale of soft drinks or other beverages, or for any other purpose, by such dealer in this State, during such year.''

There are two contentions made against the validity of the tax as applied to complainant:

(1) It is said that the tax imposed on complainant for using the substance in air cooling refrigeration does not come within the designation of the law ''used in the preparation and/or mixing and/or sale of soft drinks or other beverages or for any other purpose.'' That is to say, the insistence is that the general designation above, ''or for any other purpose,'' must refer only to other like use as that specially designated; that the doctrine of *ejusdem generis* governs the construction of the above words. That ''any other purpose,'' means any other like purpose as in the preparation, mixing or sale of soft drinks or other beverages and cannot extend to the use in air cooling of the theatre.

██ The whole of the first proposition is briefly encompassed by the opinion of the chancellor, in the following:

''If the special words exhaust the class, the general words following must refer to some larger genus and be construed as embracing something outside of the class of the special words. The rule of *ejusdem generis* is

simply a rule of construction to ascertain the legislative intent. It is not a cast iron rule setting aside all other rules of construction, and can never be employed to defeat the real purpose of the Statute.''

The above statement of Chancellor Newman is abundantly sustained by the authorities. *State* v. *Grosvenor,* 149 Tenn., 158, 258 S. W., 140; *State* v. *Wheeler,* 127 Tenn., 58, 152 S. W., 1037; Lewis Sutherland on Statutory Construction, Sec. 437; *Mason* v. *United States,* 260 U. S., 545, 43 S. Ct., 200, 67 L. Ed., 396; 59 C. J., 982; 25 R. C. L., 998.

The special words in Code, Section 1167, to which complainant would limit the class, have their own all-inclusive general words which exhaust the class before proceeding to the general words, ''or for any other purpose.'' The special words, ''soft drinks,'' may not be so all inclusive, but added thereto are the words, ''or other beverages.'' The tax therefore is applicable to the uses, not only for soft drinks but other beverages, and then proceeds, ''or for any other purpose.''

These latter words cannot extend the same kind or class, because the words ''soft drinks or other beverages'' exhaust the kind or class and the general words following ''or for any other purpose,'' by necessity, show an intent to go beyond the whole field of soft drinks and beverages. The final general words have a sweeping, all-inclusive effect, otherwise these final general words have no purpose whatever.

These last general words must be given some meaning because there is room for their meaning. As was said in the above case of *State* v. *Grosvenor,* by our Chief Justice, that if the court applied the rule of *ejusdem generis* in that case, it must ''ignore a cardinal rule of construction, which demands that every word in a statute be given

some meaning, if possible." [149 Tenn., 158, 258 S. W., 141.]

■ In the case of *Texas* v. *United States*, (1934), 292 U. S., 522, 54 S. Ct., 819, 825, 78 L. Ed., 1402, an opinion by Chief Justice HUGHES, it is said:

"The rule of *'ejusdem generis'* is applied as an aid in ascertaining the intention of the Legislature, not to subvert it when ascertained."

Chief Justice GREEN, in the *Grosvenor Case*, expressed the same thought.

■ The caption of the act in question bears out the thought that it was intended to impose the tax upon the sale or use of carbonic acid gas in this State, irrespective of the use to which it might be applied. That caption is: "An Act to impose a special privilege tax upon the sale and/or use of liquid carbonic acid gas in this State and to provide methods and penalties for its enforcement."

This caption contains no limitation whatever and no particular limited sale or use is mentioned. It is upon the sale and/or use in this State.

Then the definitions contained in the Act are so indicative. The term "distributor" is defined to include every person who manufactures and sells liquid carbonic acid gas in this State, and also every person who imports liquid carbonic acid gas into this State and then sells it.

Then the act defines the word "dealer" to include every person other than the distributor who uses gas in the preparation or mixing of soft drinks or other beverages or for any other purpose.

By the terms of the act, the distributor pays the tax regardless of the use to which the gas is eventually put. Then the act provides that no dealers tax is required to be paid on the use of gas which has been purchased from

a distributor in this State who has paid the tax thereon. This provision prevents the tax from being twice applied.

Then pause and think a moment—Here is a provision for the distributor to pay the tax no matter who uses the gas and if he pays it the dealer or user does not have to pay it. Can it be conceived that the dealers tax only applies where the gas is used in the preparation of soft drinks or other beverages, although the distributor pays it regardless of who uses it? Such an incongruity certainly was not intended. That would be a strange result. Yet it is clear the distributor pays the tax regardless of the use. It is very clear that the distributor, who is the manufacturer, or compounder and selling same in this State, pays the tax in advance of any use, without any qualification, so it cannot be argued that its future use has any effect whatever on his unqualified liability. Then, is it possible that the distributor in this State pays the tax unqualifiedly and yet the dealer, or user, if the tax falls on him, only pays it if he uses it in the preparation, mixing or sale of soft drinks or other beverages?

I imagine the term *ejusdem generis* is a stumbling block in many instances. Can we but divest our minds that such a term was ever coined, I opine no practical mind would halt at the true meaning of the all-embracing phraseology used by the lawmakers. To the ordinary mind of the legislator, what is the plain meaning of the words "soft drinks or other beverages or for any other purpose?"

Those who advocate the rule of *ejusdem generis* in this situation must admit that while the term soft drinks is limited, the added, "or other beverages" includes everything of like kind. The term other beverages includes everything that can possibly be alike or similar or akin to soft drinks. Then it follows, beyond doubt,

that the super-added words "or for any other purpose" can have no meaning whatever if the doctrinaires who so argue be correct. By such process the thing resolves itself into a meaningless theory, whereas the plain meaning of the plain words is full, clear, unambiguous and comprehensive beyond a reasonable doubt.

(2) The second proposition advanced for our consideration is that the imposition of the tax against the use of carbonic acid gas as a refrigerant is an unreasonable classification as against other gases and liquids that might be used, and violates Article 1, Section 8 and Article 11, Section 8 of the Constitution of Tennessee.

This tax is against all liquid carbonic acid gas and substitutes therefor, used for any and all purposes.

There cannot be any discrimination because all other substitutes are taxed alike. This is a complete answer to the proposition.

Every person who uses the gas or any substitute pays the tax. Had we construed this statute on the first proposition in favor of complainant and held the gas could not be taxed if used for air cooling but could be taxed for use in manufacturing beverages, a real argument could be made that there was discrimination in the law. Complainant construes the statute as taxing carbonic acid gas for beverage uses but not for any other use. The construction we have given is that the gas and all substitutes for the same uses are taxed for all purposes, and being so taxed there is no discrimination between users for the various purposes, but the tax is uniform.

The court will not adopt a construction which will defeat a statute when by another construction the act is constitutional. *Johnson Freight Lines, Inc.,* v. *Davis,* 174 Tenn., 51, 56, 123 S. W. (2d), 820.

■ ■ When a court goes out to speculate on the reasons the Legislature had for classification in taxation, every presumption must be indulged in favor of the taxing power. The court favors the constitutionality of statutes and a very wide range must be conceded to the Legislature in its discretion in the matter of classification. If any possible reason can be conceived to uphold and justify the classification it will be upheld. *Marion County River Transp. Co.* v. *Stokes,* 173 Tenn., 347, 350, 117 S. W. (2d), 740; *Ogilvie* v. *Hailey,* 141 Tenn., 392, 396, 210 S. W., 645; *Foster & Creighton* v. *Graham,* 154 Tenn., 412, 429, 285 S. W., 570, 47 A. L. R., 971.

■ It is unnecessary that the reasons for the classification shall appear on the face of the legislation. *State ex rel.* v. *Nolan,* 161 Tenn., 293, 30 S. W. (2d), 601.

■ This law affects all alike within a class and therefore is not unreasonable class legislation. *Koen* v. *State,* 162 Tenn., 573, 39 S. W. (2d), 283.

■ For some years the legal department of this State by written opinions has advised the tax authorities that this law applies to persons who use liquid carbonic acid gas for any purpose, including air cooling systems, and such users of the gas, including complainant, have been paying the tax. This fact, if the tax be doubtful, has much weight. *State ex rel.* v. *Baseball Club,* 127 Tenn., 292, 303, 154 S. W., 1151, Ann. Cas., 1914B, 1243, and authorities there cited.

■ It is realized that classifications must not be arbitrary or capricious nor partial in their operation, nor intended to affect particular individuals alone. But, on the other hand, if a law bears equally on all who may come into like situations and circumstances, it is the law of the land. *Stratton Claimants* v. *Morris Claimants,* 89 Tenn., 497, 15 S. W., 87, 12 L. R. A., 70; *Harbison* v.

*Knoxville Iron Co.,* 103 Tenn., 421, 53 S. W., 955, 56 L. R. A., 316, 76 Am. St. Rep., 682.

Our conclusion is that the chancellor, in a very simple and practical way, without the use of technical rules, reached the correct result, and his decree must be affirmed.