TENNESSEE CARTAGE CO., INC., *v.* PHARR *et al.*

(*Nashville*, December Term, 1946.)

Opinion filed February 1, 1947.

W. H. Turner, of Carthage, and J. H. Ballew, of Nashville, for appellant.

Clint Beasley and I. D. Beasley, both of Carthage, and Joe Brown Cummings and James Clarence Evans, both of Nashville, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an appeal from the action of the Chancellor of Part One of the Chancery Court of Davidson County, in dismissing petition for *certiorari* filed by the Cartage Company, to review the action of the Railroad & Public Utilities Commission, by which a certificate of "convenience and necessity" was issued to a partnership doing business as the Smith County Freight Lines. The certificate authorized the partnership to haul freight "from Nashville to Carthage, Tennessee over U. S. Highway 70-N, serving Belwood, Rome, Roca City, with closed doors between Lebanon and Carthage, and from Carthage to Dickson Springs over Highway 25 serving Mononville, Riddleton, and also from Carthage to Granville, Tennessee over Highway 70 and State Highway 53, serving all intermediate points."

The Chancellor dismissed the petition for *certiorari* upon the following grounds:

"In the instant case, after an examination of the record and due consideration of carefully prepared and excellent briefs of counsel for petitioners and defendants, the Court is of opinion:

"1. That the evidence in the record as to whether or not the public convenience and necessity will be promoted by the issuance of the certificate in question, is in conflict, there being some evidence of a substantial nature to support the affirmative of this proposition.

"2. That the evidence is in conflict as to whether or not the territory involved will support the service of the respondents, without ruinous competition to the petitioner, and that there is some evidence of a substantial nature to support the affirmative of this proposition.

"Hence, the Court is of opinion that, under the decisions of our courts of last resort, which are at present

extant and binding on this Court, it would not be justified in setting aside the orders of the Commission granting the certificate in question." (

■ The rule applied by the Chancellor to limit the scope of his review, is thus stated in a recent opinion of this Court:

"When the Commission has proceeded regularly within its jurisdiction, the courts will refuse to disturb its findings where there is material evidence to support conclusions that are neither arbitrary nor unlawful." *Dunlap* v. *Dixie Greyhound Lines*, 178 Tenn. 532, 538, 160 S. W. (2d) 413, 415.

Five assignments of error are made on the appeal here, but they present two determinative questions: (1) What is the quantum of evidence necessary to justify affirmance by the Trial Court of action by the Commission? (2) Was the requisite quantum of proof to be found in the transcript of the proceedings before the Commission? The transcript was filed in the Chancery Court and is filed here on appeal.

■ (1) The gist of appellant's position on the first question is that on its petition for *certiorari* in the Chancery Court, is was entitled to more extensive review of the evidence on which the action of the Commission was taken than that evidenced by the Chancellor's affirmance of the action of the Commission on the finding that such action was supported by "evidence of a substantial nature." The appellant maintains that there is a distinction between "evidence of a substantial nature," "substantial evidence" and "material evidence." It is insisted that since the Chancellor found only that the action of the Commission was supported "by evidence of a substantial nature," he did not perform the judicial function required of him under the petition for *certiorari*, nor

justify his action in affirming the action of the Commission. In no case cited by appellant, or that we have been able to find, is any distinction made in the practical application of the three phrases quoted above. They are used interchangeably to express the fact that there was, or was not, a "rational basis" for the action taken by an administrative board of experts such as the Railroad & Public Utilities Commission. *Mississippi Valley Barge Line* v. *United States*, 292 U. S. 282, 54 S. Ct. 692, 78 L. Ed. 1260, 1265; *Rochester Tel. Co.* v. *United States*, 307 U. S. 125, 59 S. Ct. 754, 83 L. Ed. 1147, 1161.

"But as has often been pointed out, this, as in the case of other findings by administrative bodies, means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred." *National Labor Rel. Bd.* v. *Columbian E. & S. Co.*, 306 U. S. 292, 59 S. Ct. 501, 505, 83 L. Ed. 660, 665; *Washington V. & M. Coach Co.* v. *National Labor Rel. Bd.*, 301 U. S. 142, 57 S Ct. 648, 81 L. Ed., 965; *Consolidated Edison Co.* v. *National Labor Rel. Bd.*, 305 U. S. 197, 59 S. Ct. 206, 83 L Ed. 126.

"In making that body's determination as to the facts in these matters conclusive, if supported by evidence, Congress entrusted to it primarily the decision whether the evidence establishes the material facts. Hence in reviewing the Board's ultimate conclusions, it is not the court's function to substitute its own inferences of fact for the Board's, when the latter have support in the record." *National Labor Rel. Bd.* v. *Hearst Publications*, 322 U. S. 111, 64 S. Ct. 851, 860, 88 L. Ed. 1170, 1184; *National Labor Rel. Bd.* v. *Nevada. Consol. Copper Corp.*, 316 U. S. 105, 62 S. Ct. 960, 86 L Ed. 1305.

In the opinions of this Court, the phrase "material evidence" has been commonly used in discussing con-

currence between administrative boards and the lower Courts, *Dunlap* v. *Dixie Greyhound Lines, supra; National Optical Stores Co., Inc.,* v. *Bryant,* 181 Tenn. 266, 273, 181 S. W. (2d) 139; between the Trial Court and the Court of Appeals, *Pacific Mut. L. Ins. Co.* v. *McCrary,* 161 Tenn. 389, 391, 32 S. W. (2d) 1052; between the jury and the Trial Judge, *Van Huss* v. *Rainbolt,* 42 Tenn. 139; *Curran* v. *State,* 157 Tenn. 7, 4 S. W. (2d) 957.

To express the identical rule of practice and the scope of review, the Federal Courts have commonly used the phrase "substantial evidence." *National Labor Rel. Bd.* v. *Columbian E. & S. Co.,* 306 U. S. 292, 59 S. Ct. 501, 83 L. Ed. 660, 665; *National Labor Rel. Bd.* v. *Hearst Publications,* 322 U. S. 111, 64 S. Ct. 851, 88 L. Ed 1170. As evidence that the terms "material" and "substantial" have been used interchangeably, this Court in repudiating the "scintilla rule," said, speaking through Mr. Justice CHAMBLISS:

"This is sometimes called the 'scintilla rule,' but perhaps inaccurately. More than a 'scintilla' is requisite. As well said in *Louisville & N. R. Co.* v. *Johnson['s Adm'x],* 161 Ky. 824, 171 S. W. 847, 'the word "scintilla," however, as applied in our practice, does not mean that the case should be submitted to the jury where there is merely a "spark" or a "glimmer" of evidence.' It means that, when there is some *evidence of a material or substantial nature* to support the plaintiff's case, the court will not undertake to determine its comparative value or weight, but will leave the determination of the conflict to the jury." *Brenizer* v. *Nashville C. & St. L. Ry.,* 156 Tenn. 479, 484, 3 S. W. (2d) 1053, 1054, 8 S. W. (2d) 1099. (Italics ours.)

We call attention to the fact that the language emphahized is the exact language of the learned Chancellor in the case before us here.

Since our statutes creating and defining the duties and powers of the *Railroad & Public Utilities Commission* were modeled on Federal Statutes, ". . . all the decisions upon the construction of the federal statutes are authoritative upon the construction of ours." *New River Lumber Co.* v. *Tennessee Ry. Co.,* 145 Tenn. 266, 284, 238 S. W. 867, 872.

Apparently from statements in its brief, appellant sought to have the Chancellor reweigh the evidence introduced before the Commission. It is argued that only if "judging such evidence for competency and credibility, the Court finds that it weighs equally upon the question, then the Court may not substitute its judgment for that of the Commission."

There is no authority cited for this contention and we are confident none can be found. The true rule is thus stated by the United States Supreme Court:

"The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body." *Mississippi Valley Barge L. Co.* v. *United States,* 292 U. S. 282, 54 S. Ct. 692, 694, 78 L. Ed. 1260, 1265.

So large a part of the briefs and arguments were taken up by a discussion of the foregoing propositions that it was necessary for us to make some reply, but the determinative issue is the second presented by the assignments of error—whether there was in fact a sufficient quantum of proof to warrant the issuance by the Commission of the certificate in the present case.

We now consider that aspect of the case. By Code, sec. 5501.5, it is provided:

"In determining whether or not a certificate of convenience and necessity should be issued, the Commission shall give reasonable consideration to the transportation service being furnished . . . the service to be rendered and/or capable of being rendered by the applicant . . . the public demand or need for the service proposed, the likelihood of the proposed service being permanent and continuous, the effect which such proposed transportation service may have upon other transportation service being rendered, and all other pertinent facts."

■ In the absence of contrary showing in the record itself, "It must be assumed that the Commission gave 'reasonable consideration' to these factors." *Dunlap* v. *Dixie Greyhound Lines*, 178 Tenn. 532, 543, 160 S. W. (2d) 413, 417.

The appellant's certificate is not an exclusive franchise, and does not protect it from the issuance of other certificates to competitors. *Johnson Freight Lines, Inc.,* v. *Davis*, 174 Tenn. 51, 123 S. W. (2d) 820; *Dunlap* v. *Dixie Greyhound Lines*, 178 Tenn. 522, 545, 160 S. W. (2d) 413.

■ The exclusive original jurisdiction to issue the certificate was in the Commission and the function of the courts is supervisory only. We may not substitute our judgment on the facts for that of the Commission. *Railroad Commission* v. *Rowan & Nichols Oil Co.*, 310 U. S. 573, 60 S. Ct. 1021, 84 L. Ed. 1368; *Fulmer* v. *Board of Railroad Com'rs*, 96 Mont. 22, 28 P. (2d) 849; *Pennsylvania Greyhound Lines* v. *Public Service Commission,* 217 Ind. 221, 27 N. E. (2d) 348; *A. & T. Motor Freight* v. *Public Utilities Commission*, 125 Ohio St. 617, 184 N. E. 11; *Dunlap* v. *Dixie Greyhound Lines, supra;* Therefore, under the foregoing authorities, we limit the scope of judicial review to a finding that there was substantial

or material evidence to support the action of the Commission, and if there was such evidence, the Chancellor properly dismissed the petition for *certiorari*. Further, since this is the scope of our permitted review, there is no need to discuss the evidence in detail.

It is sufficient to say that including the applicants themselves, there were ten witnesses who testified for the application before the commission. Their testimony was favorable to the application on all five of the factors set out in Code, sec. 5501.5, *supra*. In addition to this testimony, an affidavit signed by eighty-odd merchants and businessmen of Carthage and the affected area, was filed with the transcript before the Commission. By these affidavits favorable consideration on the application was urged. It was stated that the present service was insufficient, inadequate and unsatisfactory; that affiants had the utmost confidence that the applicants could render the service for which they applied, efficiently and satisfactorily; that by their experience, equipment and financial resources they were fully able to do so.

The appellant attacks this affidavit as not formally sufficient and not legal evidence. We think appellant is in no position to raise that objection here. He made no such objection at the time of the introduction of the affidavit before the Commission and in effect, appellant approved the practice by introducing counter-affidavits. At most, the objection goes to the weight rather than the admissibility of the affidavits. Without the affidavits there was much material and substantial evidence to support the action of the Commission, and we so find.

It results that the Chancellor correctly dismissed the petition for *certiorari*, and we affirm his decree.