HOOVER MOTOR EXPRESS CO., INC. *v.* TAYLOR.

(*Nashville,* December Term, 1946.)

Opinion filed June 26, 1947.

RICHARD GLEAVES, of Nashville, for appellants.

CATE & CATE, of Nashville, and LON MACFARLAND, of Columbia, for appellees.

MR. JUSTICE NEIL delivered the opinion of the Court.

This cause involves a contest between the Columbia Motor Express and the Hoover Motor Express Company, Inc., and the Franklin Transfer Company, wherein the former claims the right to a certificate of convenience and

necessity authorizing the operation of a motor freight line between Nashville and Columbia, Tennessee, in competition with the Hoover Company and the Franklin Transfer Company.

The Columbia Motor Express applied to the Railroad and Public Utilities Commission of Tennessee for a certificate of convenience and necessity, as above stated. Notice was given to competitors, especially Hoover Motor Express and the Franklin Transfer Company. After a full hearing before the Commission, the certificate was granted. Thereupon, the above named competitors (protestants) filed their original bill in the Chancery Court at Nashville for *certiorari* and *supersedeas* in which the action of the Commission was questioned on the ground that all the evidence showed that the territory in question was being adequately served and that the public interest did not require any additional service; that the freight revenue between Nashville and Columbia and intervening points would not economically support another line in addition to those operating.

The Commission transmitted the entire record to the Chancery Court, as required by the writ of *certiorari*, but filed no answer. Upon a review of this record and after full consideration of briefs filed by counsel, the Chancellor dismissed and discharged the writs prayed for in the original bill and sustained the order of the Commission.

Exception was taken to his decree and the cause is now before us on appeal. The errors assigned are as follows:

"The Court erred in finding that there was material evidence in the record to support the findings of the Commission granting a certificate of convenience and necessity to the appellees or defendants W. H. Atteberry, Jr., and Jess Wilson, d/b/a Columbia Motor Express.

"The Court erred in dismissing the petition for *certiorari* and *supersedeas* of appellants and in taxing the costs of the cause against appellants.

"The Court erred in not finding and decreeing that the granting of a certificate to the applicant would be contrary to the public interest in the promotion of a sound economic transportation system between the towns involved, and the Commission had failed to carry out the mandates of the legislature to promote and foster sound transportation facilities as is provided in Section 21 of the Public Acts of 1933, Chapter 119."

We will hereafter refer to the Columbia Express as the applicant and the Hoover Company and Franklin Transfer Company as the protestants, who are the real parties in interest.

It is conceded on the brief of counsel for the protestants that the Commission has the power to grant certificates of convenience and necessity over the highways of this State and that motor freight lines have no proprietary rights in them. *Johnson Freight Lines* v. *Davis*, 174 Tenn. 51, 123 S. W. (2d) 820; *Southeastern Greyhound Lines* v. *Dunlap*, 178 Tenn. 546, 547, 160 S. W. (2d) 418; and *Dunlap* v. *Dixie Greyhound Lines*, same volumes at pages 532 and 413 respectively.

We have had occasion to deal with the question made in the assignment in the instant case in the above-cited cases and also in *Tennessee Cartage Co.* v. *Pharr et al.*, 184 Tenn. 414, 199 S. W. (2d) 119, 120, decided February 1, 1947. In the *Greyhound Lines Cases, supra* [178 Tenn. 532, 160 S. W. (2d) 413], it was held that the courts will not disturb the findings of the Commission "if there is material evidence to support conclusions that are neither arbitrary nor unlawful." Code, section 5501(1), *et seq.*

The counsel for protestants have correctly stated the questions made in the assignments of error as follows: "This case in the last analysis comes down to the point or question: 'Was there in the record that *quantum* of evidence necessary to base a finding by the Chancellor that there was material or substantial evidence in the cause to warrant the Commission granting the certificates applied for?' The Commission cannot act arbitrarily or capriciously. If there is no material evidence to support the findings of the Commission, then the Courts may intervene."

We have made a thorough examination of the evidence before the Commission, and which was reviewed by the Chancellor, and find that the said Commission did not act "arbitrarily or capriciously", but upon material and relevant testimony. We will refer to it later in this opinion.

Counsel for protestants have cited *Tennessee Cartage Co.* v. *Pharr, supra,* as authority to sustain their position that there is not "the requisite quantum of proof" in the transcript to support the granting of the certificate to the applicant. It is said by counsel, "The appellant hangs his hat on that peg in the instant case."

In passing on the question we will not undertake to weigh the evidence, as did the Commission and the Chancellor, to determine where the preponderance lies. This Court is not an administrative board to determine *de novo* the question made as to the justice or reasonableness in granting a certificate of convenience and necessity. If there is material evidence before the Commission to support its findings, the courts would have no authority to substitute their judgment for that of the Commission. *Dunlap* v. *Dixie Greyhound Lines*, 178 Tenn. 532, 160 S. W. (2d) 413. Moreover, it has been repeatedly

held that the holders of certificates are not protected from lawful competition. The mere fact that the protestants may suffer some loss in revenue as result of the Commission's granting a certificate to the applicant does not support the conclusion that ''it is contrary to the public interest and would harm rather than support sound economic transportation systems.''

In *Tennessee Cartage Co.* v. *Pharr, supra,* the counsel contended that the rule applied by the Chancellor in *Dunlap* v. *Dixie Greyhround Lines,* 178 Tenn. 532, 160 S. W. (2d) 413, was too limited; that appellant was ''entitled to [have a] more extensive review of the evidence on which the action of the Commission was taken than that evidenced by the Chancellor's affirmance of the action of the Commission on the finding that such action was supported by 'evidence of a substantial nature'.'' In the *Tennessee Cartage Co. Case* counsel undertook to make a distinction between ''evidence of a substantial nature'', ''substantial evidence'', and ''material evidence''. In response to their insistence Mr. Justice GAILOR said, ''In no case cited by appellant, or that we have been able to find, is any distinction made in the practical application of the three phrases quoted above. They are used interchangeably to express the fact that there was, or was not, a ''rational basis'' for the action taken by an administrative board of experts such as the Railroad & Public Utilities Commission.'' He further quoted with approval a statement by Mr. Justice CHAMBLISS in *Brenizer* v. *Nashville, C. & St. L. Ry.,* 156 Tenn. 479, 484, 3 S. W. (2d) 1053, 1054, 8 S. W. (2d) 1099, to the effect that ''when there is some evidence of a material or substantial nature to support the plaintiff's case, the court will not undertake to determine its comparative value or weight, but will leave the determination of the

conflict to the jury." In this instance, Justice CHAMBLISS was pointing out the inaccuracy or misunderstanding of the "*scintilla* rule" by counsel and that there must be more than a *scintilla* to justify an affirmance of the trial court.

In the *Tennessee Cartage Co. Case* we agreed with the statement by the *United States Supreme Court in Mississippi Valley Barge Line Co.* v. *United States*, 292 N. S. 282, 54 S. Ct. 692, 78 L. Ed. 1260, 1265, as follows: " 'The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the adminstratve body.' "

In considering the holding of the Court in the above cases, we think, if there is "material evidence" or "substantial evidence" to support the decree of the Chancellor, we cannot reverse because of protestants' contention that the transcript does not contain "the requisite *quantum* of proof" to support the granting of the certificate.

With all deference to counsel, we think the contention made in the case relied on was very largely a play upon words and phrases to induce us to render a decision which would enlarge the scope of the Court's consideration of evidence upon which the administrative board based its decision. This we decline to do.

We think there is evidence of a material and convincing character to support the Chancellor's decree. The transcript before us shows that approximately one hundred business men in the City of Columbia petitioned the Commission to grant the certificate in the instant case. The petition recites that "the granting of the certificate would be in the public interest and would improve the present service." It also appears that the Columbia Chamber of Commerce, composed of leading business

men of that city, met in formal session and, after hearing representatives of the applicant and the protestants, adopted a resolution requesting the Commission to grant the certificate. This resolution was before the Commission and as a part of the record and was also considered by the Chancellor. We find a similar petition signed by thirty-eight or more business men in and near the town of Franklin, asking that the certificate be granted.

It is only fair to say that there is considerable evidence in the transcript which supports the contention of the protestants that the present service is adequate, competent, and satisfactory.

In addition to the letters, petitions, and other documents introduced by both the applicant and the protestants, the Commission heard orally evidence of eight or ten witnesses for the applicant and as many or more for the the protestants, making in all 138 typewritten pages of the transcript.

It would unduly prolong this opinion if we undertook to analyze the evidence for and against the applicant. Suffice it to say we think it supports the decree of the Chancery Court. The Chancellor, after giving full consideration to the evidence, said, "Unquestionably, there is material evidence in the record to support the finding of the Commission." He cited the case of *Dunlap et al.* v. *Dixie Greyhound Lines, supra,* holding that "the Court may not substitute its judgment for that of the commission." In following this decision, he was eminently correct.

We find no error in the record and the decree of the Chancellor is affirmed.

All concur.