GILMAN PAINT & VARNISH CO. *v.* CARSON, COMMISSIONER
OF FINANCE & TAXATION.

(*Nashville,* December Term. 1949.)

Opinion filed March 17, 1950.

Rehearing denied April 29, 1950.

CHAMBLISS, CHAMBLISS & BROWN, of Chattanooga, for appellant.

ROY H. BEELER, Attorney General, WILLIAM F. BARRY, Solicitor General, and HARRY PHILLIPS, Assistant Attorney General, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

For a number of years Gilman Pain and Varnish Company has used liquid carbonic acid gas in the manufacture of varnish. During all this time there existed in Code, Section 1167 *et seq.*, the provision that every dealer other than a distributor "who, in the course or conduct of, or as an incident to, his business in this state, uses liquid carbonic acid gas or substitutes therefor in the preparation and/or mixing and/or sale of soft drinks or other beverages or for any other purpose" shall pay a specified tax. Because of that statute the Commissioner of Finance and Taxation required Gilman Paint and Varnish Company to pay this tax on the carbonic acid gas which it used in the manufacture of varnish. The tax was paid under protest and this suit was brought for its recovery. The Chancellor held that the tax was properly assessed and collected and dismissed the bill. Gilman has appealed and presents here the insistence that the use of carbonic acid gas in the

making of varnish is not taxable under a proper construction of this statute.

Appellant first calls attention to the fact that the tax is levied upon the use of carbonic acid gas in the preparation etc. "of soft drinks or other beverages or for any other purpose". Then it is insisted that when the rule of *ejusdem generis* is properly applied to the expression "or for any other purpose" it necessarily follows that the use of this substance for the making of varnish does not come within the provisions of the statute. It is said by appellant "that the words 'for any other purpose' have reference to liquids which are similar to soft drinks or other beverages but which cannot be properly classified as either"; and that varnish is not such a liquid, hence there is no tax upon the carbonic acid gas used in making that article.

The identical insistence with reference to this same tax was made and rejected in *Knoxtenn Theatres, Inc., v. McCanless, Commissioner,* 177 Tenn. 497, 151 S. W. (2d) 164, 165. It was there held that the expression "for any other purpose" as used in this statute has "a sweeping, all-inclusive effect". In that case this gas was used in the maintenance of an air cooling system in a theatre. That use of the gas was held taxable because of the "all-inclusive effect" of the expression "or for any other purpose" as used in the statute.

The Knoxtenn Theatres case controls the case at bar. If, as held in that case, the use of this gas in the maintenance of an air cooling system is taxable under the statute it has to follow that its use in the making of varnish is taxable.

An effort is made to make a distinction between this case and the Knoxtenn Theatres case on the ground that

the latter case was heard on stipulated facts. It is said that such stipulation is not binding here. While it does not appear what facts were stipulated, those facts, whatever they might have been, were necessarily immaterial to the decision of the case, because the sole question was whether under that language of the statute the use of carbonic acid gas in the maintenance of an air cooling system is taxable.

It is reasonable to think that probably the real cause of this lawsuit—and it is understandable—is the fact that in 1942 a supervisor in the carbonic acid gas unit of the Department of Finance and Taxation wrote a letter wherein he stated that Gilman Paint and Varnish Company is not liable for this tax by reason of its use of the gas in making varnish. The failure of the department to give effect to this letter is assigned as error.

The letter mentioned was, of course, a mistake. The opinion in the Knoxtenn Theatres case had been announced practically a year prior to the date of that letter. That opinion called attention to the construction which the legal department of the State had placed upon this statute and the practice of the department with reference to the collection of this tax for years. So it is a fact that this appellant should not have been misled by that letter. However that may be, as a matter of fact, no prejudice resulted, and as a matter of law the State is not bound by an erroneous opinion of a subordinate employee of non tax liability when in fact there is such liability. *Reynolds Tobacco Co.* v. *Carson*, 187 Tenn. 157, 164, 213 S. W. (2d) 45.

The decree of the Chancellor will be affirmed and costs adjudged against the appellant.

All concur.