BLUE RIDGE TRANSPORTATION COMPANY, INC., et al.

*v.*

HON. JOHN C. HAMMER, etc., et al.

(*Nashville,* December Term, 1957.)

Opinion filed April 9, 1958.

399

JAMES C. HAVRON, Nashville, ALFRED T. MACFARLAND, Lebanon, for appellants.

GRACEY, BUCK, MADDIN & COWAN, Nashville, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

On March 9, 1956, Davidson Transports, Inc., filed an application with the Tennessee Public Service Commission for "a contract hauler's permit" to haul asphalt and asphalt products in tank trucks over State highways and county roads from Nashville to all points and places within a radius of 150 miles of Nashville. There was exhibited to this application agreements with Esso Standard Oil Company, Southern States Paving Company and Hard Drivers, Inc., for the transportation of asphalt products, which agreements were subject to the approval of the Tennessee Public Service Commission. There was a similar agreement with Eveready Transports, Inc., and subject to the approval of the Commission.

On June 6, 1956, there was a hearing before the Commission as to both applications, and, after due consideration of the facts, the Commission approved the aforesaid agreements and issued separate orders for "hauler's permits". To these applications the Blue Ridge Transportation Company, Inc., Refiners Transports, Inc., Gasoline Transports, and Direct Transport made formal protest, the same being entered upon the minutes of the Commission.

The protestants filed petitions to rehear which were disallowed by a majority of the Commission.

The protestants thereupon on November 20, 1956, filed a petition for *certiorari* and *supersedeas* in Part I of the Chancery Court of Davidson County to review and reverse the orders of the Commission on the ground that

there was no material evidence to support the Commission's action in issuing the aforesaid "hauler's permits". The record was duly certified by the Commission and the same filed pursuant to the prayer of the bill. The Chancellor affirmed the orders of the Commission, and complaints (protestants before the Commission) prayed and were granted an appeal to this Court.

The only assignment of error is the following:

"The Chancellor erred in holding that there was material evidence in the record before the Public Service Commission that would support the orders of the Commission."

Following the foregoing assignment, and in support of it, the complainants say:

"A. There was no proof that the issuance of contract haulers permits to Davidson Transports Inc., and Eveready Transports Inc., would in anyway benefit the public.

"B. There was no proof that this service was needed by the shipper witness, Esso Standard Oil Company.

"C. The Commission did not give reasonable consideration to the transportation service being performed by other carriers. (Appellants).

"D. The Commission did not give consideration to the effect which the proposed transportation service would have upon other transportation service being rendered. (Appellants)."

The counsel for the appellants refers to T.C.A. sec. 65-1510, which provides for the issuance of "contract

hauler's permit'' provided the evidence shows that the public will be benefited by the creation of the proposed service. Other and additional authorities are cited by appellants' counsel in support of the assignment of error, to which we will refer later on in this opinion.

It clearly appears in the record that these transport carriers of oil and asphalt products, and other carriers, are in sharp competition with each other for transporting such products under contract with Esso Standard Oil Company. While they are engaged in hauling other products, such as oil and gasoline, within a limited area, their chief complaint is that the orders of the Commission deprives them of their rightful revenues. Reference is made to the investment by Blue Ridge Transportation Company, Inc., in eight tractors and asphalt trailers. ''The tank trailers cost this company $7,500.00 each and the tractors cost $12,000.00 each. * * * Blue Ridge has transported very little asphalt and these units are standing idle 95% of the time.''

It is further argued by appellants' counsel: ''All three common carriers, Refiners, Direct and Blue Ridge, testified that they could handle any business that Esso Standard gave them *and needed this additional revenue.*'' (Emphasis supplied.)

█ It cannot be doubted that these appellants made considerable investments with the view of handling Esso's products. But it does not follow as a matter of law that the granting by the Commission of ''hauler's permits'' to other transport carriers is in violation of the statute (T.C.A. sec. 65-1510). In other words the granting of applications for a ''contract carriers permit'' is

not dependent upon the reduction in revenues of a competing transport carrier. The Commission is not concerned with the financial welfare of any applicant for a contract carrier's permit, in deciding whether or not such a permit should issue. The question of the "public benefit", or lack of it, is the determinative issue.

■ The Commission is given the widest discretion in the matter of issuing certificates of convenience and necessity, and also in granting contract carrier's permits to operate within a specified area.

We deem it unnecessary to quote the language of the statute relating to its authority in this regard or the decisions of this Court in construing the statute. But to quote only a few which are directly in point:

"Motor freight carriers holding certificate of convenience and necessity are not protected from lawful competition".

"The mere fact that protestants might suffer some loss in revenue as result of granting of certificate of convenience and necessity to competing motor freight carrier would not support conclusion that order granting certificate was contrary to public interest". *Hoover Motor Express Co., Inc., v. Taylor,* 185 Tenn. 88, 203 S.W. 2d 366.

"* * * The statute contains no mandatory direction for the refusal of a contract hauler's permit. Even when the granting of the permit might impair the service of an authorized common carrier, the direction of section 7(a) is that the 'application may be refused,' leaving to the Commission some discretion as to its

issuance." *State v. Harris,* 168 Tenn. 159, 164, 76 S.W. 2d 324, 326.

"Public benefit was not necessary predicate for granting certificate to contract hauler". *Roberts v. Knoxville Transit Lines,* 36 Tenn. App. 595, 259 S.W. 2d 883, 884.

Considering the sufficiency of the evidence before the Commission to sustain its findings in the case at bar, and approved by the Chancellor, this Court will not undertake to weigh the evidence and substitute its opinion, for that of the Commission. In evaluating this evidence we must give due consideration to the discretion of the Commission. Moreover, this fact finding body, and its trained experts in the field of public transportation, look to all factors involved in approving or disapproving applications for contract carriers. In considering benefits to the public in granting permits, or refusing some on the ground that there is no need for additional service, their investigation may not be confined to the interests of a particular common carrier. The Commission is in a far better position than any appellate court to express an opinion as to whether or not the public generally is being adequately or inadequately served in a particular area. Unless there is a plain abuse of discretion by the Commission, its orders will not be disturbed on appeal. And more especially where the Chancellor has considered the record on the common-law writ of *certiorari* and affirmed the order of the Commission, we feel that this concurrent finding is conclusive of the issue.

The contention of appellants that "the Commission did not give reasonable consideration to the transportation service being performed by other carriers" is

not supported by the record. The contrary is conclusively presumed, that is, that every reasonable consideration was given to the issue involved.

The same is true as to the appellants' contention under "Item D", *supra*.

The assignment of error is overruled, and the decree of the Chancellor is affirmed.