Blue Ridge Transportation Co. et al.,

*v.*

Cayce L. Pentecost, etc., et al.

(*Nashville,* December Term, 1960.)

Opinion filed March 10, 1961.

CLIFFORD SANDERS and FRANK K. MOORE, Kingsport, for appellants.

FARRIS, EVANS & EVANS, and JAMES C. HAVRON, Nashville, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Asphalt Haulers Company filed two applications before the Tennessee Public Service Commission. One sought a certificate of convenience and necessity to transport asphalt and asphalt products in bulk, in tank cars, from Knoxville, Tennessee, and all points within twenty airline miles thereof to all points in the State of Tennessee and from all points in Tennessee (except Memphis) to Knoxville and twenty airline miles thereof. The other

application sought a certificate of convenience and necessity to transport heavy fuel oil in bulk (dirty oil), in tank vehicles between all points in East Tennessee and between all points in East Tennessee on the one hand and all points in the State of Tennessee on the other, over irregular routes. The Commission granted both certificates. On petition for certiorari to the Chancery Court that court modified both certificates, because the court felt that there was not material evidence to support the granting of said certificates. Both the applicant, Asphalt Haulers Company, and the other companies who were protestants at the hearing for the applications for the certificates above mentioned have appealed and assigned errors. After hearing able argument pro and con, reading the records, excellent briefs and authorities therein cited and others, we now come to dispose of the matter.

■■ At the outset it might be well to say that at a hearing of this kind, under Section 65-1507, T.C.A., in granting certificates of convenience and necessity the Commission sits as an administrative body and not as a court, and in doing so hears the proof pro and con as to the needs under which the certificates are applied for, and based on the evidence thus introduced and as to what they hear and know they make up their minds, giving predominant consideration to the convenience and necessity of the people of the State and not to the individual applicants and protestants. The statute, just cited, sets forth what they shall consider in thus arriving at their conclusion and says that this Commission "shall give reasonable consideration" to various things and, of course, to the needs of the people. It has been repeatedly held that we, as a Court, or any lower courts, should not substitute the judgment of the Court for the judgment of

the Commission in so granting these certificates. *Dunlap v. Dixie Greyhound Lines,* 178 Tenn. 532, 160 S.W.2d 413. Where there is any material evidence to support the finding of the Commission thus made, the courts will not intervene.

■■■■ In the case cited in the preceding paragraph (*Dunlap v. Dixie Greyhound Lines*) this Court considering the question under Section 65-1507, T.C.A., involving common carriers held that the Court would assume that the Commission gave ''reasonable consideration'' to the factors involved in the statute under which they were acting. Similar language, but somewhat broader was used by this Court later in *Blue Ridge Transportation Co. v. Hammer,* 203 Tenn. 398, 313 S.W.2d 433, 436, where the then Chief Justice used the language, ''The contrary is conclusively presumed, that is, that every reasonable consideration was given to the issue involved.'' This case and the language thereof is relied upon to a great extent by the Asphalt Haulers, while it is criticized (fairly so) and a distinction attempted to be made by those who were protestants below in their able brief. One of these distinctions is that in the Blue Ridge case the Court had under consideration the Section 65-1510, T.C.A., dealing with contract carriers, while in the instant case we are dealing with common carriers under the preceding Section hereinbefore set out. As a matter of fact related language is applicable under either Section, and, as we have just pointed out, has been used in considering the Section dealing with common carriers as well as contract haulers. We think it is fair to say that back of these statements, and what is meant by these statements is that the same rule applies to the Commission in considering the matters brought before them

under the demand of the Statute, that is applicable to any sworn officer wherein in what he does he is presumed to be following that statute and he does it regularly and correctly in good faith and in conformity with the various statutes applicable to the situation. Such presumption will stand until overcome by satisfactory evidence to the contrary. This in effect is what is meant when it has been said frequently in these decisions that it must be shown that the action of the Commission was arbitrary and capricious and not supported by any material evidence. Thus when we come to view the present case from this standpoint we find that there is ample material evidence in this record to support the finding of the Commission on the certificates granted.

The hearing of the case before the Commission comprised two days and the record is in two volumes. This record is made up of testimony of various witnesses who were called by the applicant. These witnesses show the ability on the part of the applicant to carry out their duties if the certificates were granted. This is shown in showing the number of trucks and things of that kind that they have, the various uses thereof, and the showing that certain trucks used to haul asphalt have to be cleaned before hauling the heavy oil or vice versa which takes a lot of time, and if the trucks are used to haul the oil and this time isn't consumed, the time is saved in getting the product to those desiring it. The record also shows that in many instances certain of these products are demanded at a certain time and much cost to all is brought about by reason of delay while the machinery and trucks that they have, if this certificate is granted, can satisfy the delay and objection that would be brought

about by the use of other trucks which have to be cleaned, etc.

■ There is also an abundance of proof on their part of a Memphis concern who handles this heavy oil, asphalt, etc., to the effect that this concern has made a survey and had a salesman in eastern Tennessee, and that the probability is that if they can have additional service that depots would be opened in this section of the State, and at the present time there is only one contract hauler who can do this, and that it would be far more efficient, economical and better, quicker service, etc., if they had haulers that could haul this material from one side of the State to another and not have it transferred from one hauler to another. All of these things go to make up material evidence for consideration of the Commission. This becomes material evidence because the Commission is not hearing this case as a trial court or jury would in the sense that they must arrive at conclusions from a given state of facts as to whether one is negligent or not negligent, but is hearing it on prospect of what people from one end of the State to the other need, and whether or not, if this service is granted, this need can be supplied and therefore the people of the whole State can be better served. Thus when we take it from this viewpoint, this type of evidence does become material evidence and is far more than a mere scintilla of evidence. Of course, the argument of the protestants, appellants here, is that all the evidence herein amounts to is at the most a mere scintilla or gleam. We though, after having carefully read this evidence, have reached a contrary conclusion. If the evidence be of a character sufficiently substantial, in view of all the circumstances of the case, to warrant the Commission in finding from it the fact that

the people of the State are better served by granting these certificates of convenience and necessity, then it becomes material evidence and not merely a scintilla of evidence.

Then there is much attempted proof herein on the part of the applicant to show the growing needs of the State by reason of the stepped-up road program in this State, as well as in all the States in the Union, and an attempt to offer in evidence excerpts from certain information from the Road Builders Association that there will be some fifteen million ($15,000,000) dollars exclusive of right-of-ways spent on the roads of this State. This evidence was excepted to and exceptions sustained, but, be that as it may, the Commission had a right to, were justified in, and should take judicial knowledge of the fact of what all of us know of the acts of Congress in providing for this accelerated road program, and from the sense of observation in riding the highways and seeing what is going on in this project. Thus it is that the Commission had this as a material fact wherein in the exercise of their duties from a reasonable standpoint they could consider what was fairly necessary under the circumstances of this stepped-up road program, and then in thus considering it, this amounted to an act which clearly was reasonable and not arbitrary and capricious in considering this fact and in thus granting these certificates.

■ Thus it is that ''The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body.'' *Mississippi Valley Barge Line Co. v. United States,* 292 U.S. 282, 54 S.Ct. 692, 694, 78 L.Ed. 1260, 1265. We have approved this statement of the Supreme Court of the United States in a number of cases, including that of

*Tennessee Cartage Co. v. Pharr*, 184 Tenn. 414, 199 S.W. 2d 119, the case cited by both sides to this controversy.

Lastly, we will say the proof which we have read of the protestants herein as offered in their behalf showing their availability, the kind of machinery and things of that kind that they have, their means of carrying it out, and that they can do these things which the applicant asks they be allowed to do, and, of course, the inference from all this proof is that there are sufficient certificates already in force for this work and the certificates that this applicant seeks are unnecessary because these other protestants can do like work, and do it as well as the applicants could. This is the burden of the proof of the protestants and what it amounts to. Obviously, the proof herein pro and con which we have mentioned without going into it with any particular detail makes a question supported by material facts for the consideration of the Commission. There is nothing to show that the Commission has acted other than reasonable and fair in granting these certificates after hearing this proof pro and con.

Much argument is made (very forcibly and almost persuasively) that the testimony and the reference to the Memphis people establishing branches in East Tennessee and otherwise is merely prospective and looking to something that isn't done or hasn't been done and consequently it amounts to no proof whatsoever. After a very careful consideration of the matter we think that this argument is erroneous. Clearly, if there were no certificates of convenience and necessity for doing these things at all, but it was an entirely new proposition, and might be done if they had somebody to haul and do these things, then the Commission should take this into consideration in weighing whether or not the needs of the people of

the whole State to supply things for our growth justified it, and they could take that into consideration and weigh that fact in deciding whether or not they would grant such a certificate.

After a thorough consideration, and fully considering all the facts and the law, we must conclude that there was material evidence to support the Commission in awarding these certificates in the first instance, and that the Chancellor was in error in modifying the certificates as granted by the Commission because there is material evidence to support this award, and there has been no arbitrary or capricious action on the part of the Commission. Thus it is that the certificates as originally granted will be affirmed.